UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                         Case No. 07-20400
                                                  Honorable Julian Abele Cook, Jr.

v.

BRUCE WENDEL,

                Defendant.

ORDER

The Court is in receipt of a motion by the Government, which if granted, would result in

the disqualification of defense attorney, Michelle Kraus, from further representing the interests of

her client, Bruce Wendel, who is the Defendant in this criminal action. Wendel has expressed his

opposition to the Government's request by filing a motion to strike.

For the reasons that have been set forth below, the Court will deny the parties' respective

motions.

I.

Wendel has entered a plea of guilty to committing a violent crime (to wit, assault with a

dangerous weapon in aid of racketeering), in violation of 18 U.S.C. §§ 1959(a)(6) and 2(a).

Although he is currently awaiting the imposition of a sentence upon him, this process has been

delayed since August of 2010 for a variety of reasons.

At this juncture, the main basis of dispute between the parties pertains to the accuracy of

information that appears within his Presentence Investigation Report. More specifically,

paragraphs 18 and 19 of this document contain accusations that Wendel, acting with others,

inflicted serious bodily injuries upon Donald Bunn during an altercation on January 1, 2005 in Fort

Wayne, Indiana. Wendel insists that these allegations are incorrect, contending that he was not at

the site when or where the claimed altercation occurred. In essence, Wendel has relied upon an alibi

to bolster his defense against the charges, and urged the Court to reject the inclusion of the above-

listed paragraphs from the Presentence Investigation Report. The Government  - not only did not

express any opposition to Wendel's request - but joined with him in asking for the exclusion of

paragraphs 18 and 19 from further consideration by the Court.   Relying upon the integrity of the

parties' respective counsel as officers of the Court, the subject paragraphs 18 and 19 were deleted.

The rescheduling of Wendel's sentencing followed.  However, prior to the imposition of the

sentence upon him, the Court was informed, through a representative of the Probation Department,

that the governmental agent in charge of this case insisted that (1) the now-deleted information

regarding Wendel's participation in the altercation on  January 1, 2005 was, indeed, accurate, (2)

Wendel had deliberately misled the Court with false statements, and (3) the Government's

concurrence with the defense in striking paragraphs 18 and 19 had been proffered to the Court

without justification.  In an effort to resolve this conflicting information, the Court determined that

(1) these two paragraphs should be immediately reinstated, and (2) a hearing among the principals

in this controversy should be conducted as quickly as possible.

Complicating this situation relates to the Government, whose position has wavered

unpredictably.  As noted above, the Government initially concurred with Wendel's position,

expressing its belief that the facts supported his contention that he was not present at the bar in Fort

Wayne, Indiana when the altercation occurred.  However, the Government's position eventually

changed and moved from indicating that it had no "idea what the truth . . . is" to expressing - in its

most recent filing - the possibility that Wendel may have lied to the Court about his involvement.

The case is currently set for a sentencing hearing on June 28, 2011.  At that time, the Court will consider the testimonies of witnesses in an effort to assess the accuracy or inaccuracy of the disputed information as it now appears in the Presentence  Investigation Report.

II.

In a motion (filed on May 11, 2011), the Government – for the first time –  suggests that Wendel's attorney (Michelle Kraus) should be one of the witnesses to be examined by the Court. The Government reiterates its intention to present the testimonies of (1) William Elston, a cooperating co-Defendant, and (2) Donovan Davis, the ATF agent who is in charge of Wendel's case. Moreover, the Government has expressed its belief that Kraus should also be called as a witness based on her presence during an oral exchange between Wendel and Davis during an off-the-record "proffer hearing." It is the contention of the Government that Wendel - during the meeting and while in the presence of counsel, acknowledged his participation in the Fort Wayne, Indiana incident on January 1, 2005.  Inasmuch as the Government seeks to rely, in part, upon Kraus' testimony, it would make her a res gestae witness who can proffer a firsthand account to Wendel's alleged statement to Davis. With recognition that Kraus would be called upon to serve in a dual role in this case (i.e., as a fact-witness, and as Wendel's counsel), the Government maintains that she would have an actual, disqualifying conflict of interest which, in turn, should preclude her from continuing to serve as the defense counsel in this case.

In support of its currently pending request, the Government cites *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993), in which the Sixth Circuit Court of Appeals (Sixth Circuit) noted that a defendant's Sixth Amendment right to counsel of his own

choosing is not without limitation.  Id. at 1351 (quoting *Powell v.* Alabama, 287 U.S. 45, 53 (1932) ("[a] criminal defendant who desires and is financially able to retain his own counsel 'should be afforded a fair opportunity to secure counsel of his own choice.'").  In *Serra* at 1351, the Sixth Circuit acknowledged that if counsel has an actual or even a "serious potential" for a conflict of interest, "[the] presumption in favor of [a defendant's] counsel of choice . . . may be overcome . . ."; *But, see Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[w]hile a criminal defendant who can afford his own attorney has a right to his chosen attorney, that right is a qualified right.")).  When presented with such a circumstance, a court must balance a defendant's qualified right to be represented by counsel of his choice against the right to a defense conducted by an attorney without a conflict.  *Id*. at 1352.

Here, the nature of the conflict that the Government attempts to impute to  Kraus is distinct from that which was possessed by the defense counsel in *Serra* and *Wheat*.  Here, the Government complains of the tension presented by Kraus while acting simultaneously as the defense counsel and a fact-witness.  By contrast, the conflict in *Serra* stemmed from a lawyer's attempt at dual representation of a boyfriend and girlfriend who eventually became spouses, but had antagonistic defenses in a state drug case.  There, the defense counsel filed a petition to hold separate preliminary examinations in light of the conflicting defenses, and it was initially rejected by the trial court. However, the trial court later agreed and, at the state prosecutor's request, disqualified the defense counsel from representing his clients during the trial. In its decision, the trial court reasoned that each defendant could arguably contend that (1) the illegal contraband belonged to the other defendant, and (2) the confidences gained from one client could be used to advance the interests of the other client.  On appeal, the boyfriend-turned-husband successfully argued that the

2:07-cr-20400-JAC-MKM   Doc # 363   Filed 06/13/11   Pg 5 of 8   Pg ID 1318

disqualification violated his Sixth Amendment right to retain an attorney of his choice.  The Sixth

Circuit disagreed, finding that continued representation - even though the other co-defendant had

pled guilty and was awaiting sentence - would place the attorney in the untenable position of

having to examine his former client in order to elicit favorable testimony for his current client. This,

according to the Sixth Circuit, would violate an ethical duty which required him to maintain his

former client's confidences.  *Serra* at 1350-52.  Because the  risk of conflict was significant and

could have prevented the attorney from effectively representing his current client, the Sixth Circuit

found no abuse of discretion in the refusal by the state court to vacate its order which disqualified

the attorney.  *Id.* at 1354; *Wheat, supra* (finding no Sixth Amendment violation where trial court

found that defendant's counsel of choice had irreconcilable conflict of interest based on his joint

representation of two co-defendants in same criminal drug conspiracy). By contrast, the tensions

created by an attorney's dual representation of co-defendants simply do not exist in this single-

defendant sentencing matter.

In further support of its present motion, the Government submits that the basis for Kraus'

alleged conflict can be found within Rule 3.7(a) of the Michigan Rules of Professional Conduct,

which provides, in pertinent part, that "[a] lawyer shall not act as advocate at a trial in which the

lawyer is likely to be a necessary witness . . . ."[1] The Michigan Court of Appeals has interpreted

this Rule as being designed "to prevent any problems that would arise from a lawyer's having to

argue the credibility and the effect of his or her own testimony, to prevent prejudice to the opposing

party that might arise therefrom, and to prevent prejudice to the client if the lawyer is called as an

---

[1]The rule contains several exceptions, none of which apply to the facts and circumstances presented by this case.

adverse witness . . . ." *People v. Tesen*, 276 Mich. App. 134, 143 (2007). On the other hand, it should be pointed out that this Rule is not designed to impliedly authorize the opposing party to seek disqualification as a tactical device in an effort to gain an advantage. *Id.*; *See also*, *Manning v. Waring, Cox, James, Sklar, and Allen*, 849 F.2d 222, 224 (6th Cir. 1988) ("Unquestionably, the ability to deny one's opponent the services of capable counsel, [sic] is a potent weapon. Confronted with such a motion, courts must be sensitive to the competing public policy interests of preserving client confidences and of permitting a party to retain counsel of his choice.").

One of the pre-requisites for using Rule 3.7(a) as a basis for disqualifying an attorney from a case is that the lawyer's proposed testimony be "necessary" to the proceedings. Michigan. R. Prof. Conduct 3.7(a). As the party who is seeking to obtain the disqualification, it is the Government's burden to persuade the Court that Kraus is a necessary witness. *Id.* An attorney's testimony is not necessary to a proceeding "if the substance of [her] testimony can be elicited from other witnesses and the party seeking disqualification did not previously state an intent to call the attorney as a witness." *Tesen, supra* at 144.

Based upon its review of the record, the Court is not persuaded that any testimony which the Government hopes to elicit from Kraus is "necessary" to resolving the remaining factual issues in this case. To the contrary, Davis, as the ATF case agent who conducted the proffer session with Wendel, was - like Kraus - quite obviously a first-hand witness to the meeting. As such, he is just as well-positioned as Kraus to testify to (1) his personal knowledge and memory of the proffered session, and (2) whether Wendel admitted participating in the Fort Wayne, Indiana assault. The Government has presented the Court with no evidence to indicate otherwise, and there is nothing in the record which suggests that Kraus possesses exclusive knowledge of anything that was said

or done by Wendel during the proffer meeting.

The Government's belief that Kraus' testimony will be relevant and will corroborate Davis' version of events is, in the judgement of the Court, another way of simply arguing for an opportunity to buttress its case. (Motion to Disqualify at 3). Yet, inasmuch as the Government has not shown that Kraus' testimony is "necessary" to its prosecution, the extreme sanction of disqualifying her from further representation is unwarranted. See, e.g., *DeBiasi v. Charter County of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003) (this remedy should be used only when "there is a reasonable possibility that some specifically identifiable impropriety actually occurred and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice."). Therefore, the Government's motion to disqualify Kraus from representing Wendel must be, and is, denied in its entirety.

Moreover, even though the Court has not been presented with a formal request by the Government to call Kraus as a witness, it is doubtful that such a request - which has serious implications for an accused's Sixth Amendment right to counsel - would be granted, absent an appropriate showing that her testimony is unavailable through any other source.

In light of the resolution of the Government's motion to disqualify Kraus, Wendel's motion to strike the Government's motion is denied for reasons of mootness.


IT IS SO ORDERED.

Dated:  June 13, 2011            s/Julian Abele Cook, Jr.
        Detroit, Michigan        JULIAN ABELE COOK, JR.
                                 United States District Court Judge


7

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 13, 2011.


                                                              s/ Kay Doaks
                                                              Case Manager